IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAMELL ANTWANE HILL                                             PETITIONER

VS.                                           CIVIL ACTION NO.  3:20cv113-KHJ-FKB

SHERIFF BILLY SOLLIE                                             RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by

Shamell Antwane Hill, a pretrial detainee currently being held at the Lauderdale County

Detention Facility on a charge of capital murder, and subsequent charges of possession of

methamphetamine and marijuana inside of a jail.  *See* [9-1]; [15-1].  In the petition and

supplemental filings, he alleges that he has been in custody since January 19, 2019, that he has

been denied bond,[1] that his indefinite detention without indictment or bond is unreasonable and

unconstitutional, and that he should be released.  *See* [1] at 8; [5].  Presently before the Court is

Respondent's Motion to Dismiss [9] and Supplement [15].  Hill has responded to the motion. *See*

[10]; *see also* [11]; [12]; [14].

A state court prisoner may raise a speedy trial claim under § 2241 in order to force the

state to bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th*

*Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).  However, relief under § 2241 is not

available where the petitioner seeks only dismissal of state charges and release based upon a

violation of the right to a speedy trial.  *Id*.  Respondent cites the ongoing COVID-19 pandemic,

which has resulted in cancellations of the grand jury, as part of the reason for the delay in Hill's

indictment.  *See* [9]; [15].  Moreover, for reasons beyond the State's control, the victim's autopsy

---

[1] *See* [9-2].

report was not available until October 2020.  [15] at 5.  While Hill responds that he neither seeks to "'derail or disrupt' the state's judicial processes" nor "'abort' a state court proceeding," [10] at 1, his ultimate goal appears to be release from custody due to the State's violation of the U.S. Constitution and its own laws regarding the timeliness of trial.  See [1] at 4; [10] at 2-3.

Even so, Hill has failed to show that he has exhausted his state court remedies as to his speedy trial claim and his apparent challenges to both the denial of bond and/or excessive bond on his charge of capital murder.  [10] at 3-4; [14] at 1. While he has filed related grievances in the Jail, *see* [8-1], Hill has not shown that he has exhausted his state court remedies as to these claims.  *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies); *see also Brown v. Estelle*, 530 F.2d 1280, 1282-1283 (5th Cir. 1976)(finding that petitioner who seeks to enforce state's obligation to bring him promptly to trial still must exhaust state remedies).  Therefore, this Court may not entertain these grounds for relief.

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition be dismissed.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of January, 2021.

/s/ F. Keith Ball                                    .
UNITED STATES MAGISTRATE JUDGE